# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

LORI KOHUTEK
and MICHAEL KOHUTEK,

    Plaintiffs,

v.                                                                                                                                            No. 18-cv-1076 SMV/KRS

RHONDA BURNS; DESTINY REAL
ESTATE AND DEVELOPMENT, LLC;
and DIANNA GANDY;

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court sua sponte, following its review of the Complaint [Doc. 1], filed by Plaintiffs on November 16, 2018. The Court has a duty to determine whether subject matter jurisdiction exists sua sponte. *See Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). The Court, having considered the Complaint, the applicable law, and being otherwise fully advised in the premises, concludes that the Complaint fails to allege the necessary facts of citizenship to sustain diversity jurisdiction. Therefore, the Court will order Plaintiffs to file an amended complaint no later than December 17, 2018, if the necessary jurisdictional allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure.

## BACKGROUND

On November 16, 2018, Plaintiffs filed their Complaint, asserting complete diversity between Plaintiffs and Defendants and asserting that the amount in controversy exceeds $75,000. [Doc. 1] at 1–2. In support of their claim of diversity of citizenship, Plaintiffs assert that they are

citizens of Texas and that the individual Defendants are citizens of New Mexico. *Id.* As to the entity Defendant, Plaintiffs allege that "Destiny Real Estate and Development, LLC ('Destiny') is a New Mexico limited liability company with its principal place of business located in Lincoln County, New Mexico." *Id.* at 1. Plaintiffs make no allegations about the citizenship of the members of Destiny. *See id.*

## LEGAL STANDARD

A plaintiff is required to assert the basis of subject matter jurisdiction in his complaint. Fed. R. Civ. P. 8. Additionally, the district court must be satisfied that it has subject matter jurisdiction. *State Farm Mut. Auto. Ins. Co. v. Narvaez*, 149 F.3d 1269, 1270–71 (10th Cir. 1998). Subject matter jurisdiction cannot be waived and thus may be raised by the parties or sua sponte at any time. *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908).

## DISCUSSION

District courts have original jurisdiction of all civil actions where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. § 1332(a) (2012). Determining the citizenship of a limited liability company is different from determining the citizenship of a corporation under § 1332. A corporation is deemed to be a citizen of both the state in which it is incorporated and in which it maintains its principal place of business. § 1332(c). Limited liability companies, however, are treated as partnerships for citizenship purposes and are therefore citizens of each and every state in which any member is a citizen. *Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015).

Here, the facts set forth in the Complaint do not sufficiently establish the citizenship of Defendant Destiny Real Estate and Development, LLC, because they fail to allege the citizenship of its members. Plaintiffs may amend their Complaint to properly allege the citizenship of the members of Defendant Destiny Real Estate and Development, LLC.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiffs amend their Complaint to properly allege diversity of citizenship, if such allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure, no later than **December 17, 2018**.

**IT IS FURTHER ORDERED** that if such an amended complaint is not filed by **December 17, 2018**, the Court may dismiss this action without prejudice.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**